IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

IVLAW PATRICK JONES                                                        PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:10cv77-MTP

CHRISTOPHER EPPS, ET AL.                                                   DEFENDANTS

## ORDER

THIS MATTER is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Having considered court record, the Plaintiff's testimony during his *Spears*[1] hearing, and the applicable law, the Court finds that Plaintiff's claims against Christopher Epps should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff filed his civil rights complaint on April 5, 2010, pursuant to 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"). Plaintiff is no longer incarcerated.

As set forth in his Complaint, and as clarified and amended by his sworn testimony during his *Spears* hearing,[2] Plaintiff alleges a claim against the Defendants for exposure to unreasonable levels of second-hand smoke at SMCI in violation of the Eighth Amendment. He claims the Defendants knew of the problem at SMCI and ignored it and/or failed to take any action to address it. As a result of his exposure to the second-hand smoke while at SMCI,

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on August 25, 2010.

[2]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

Plaintiff claims he occasionally suffered from headaches, high blood-pressure, and choking.

During his *Spears* hearing, Plaintiff testified that he had no personal contact with Christopher Epps about the second-hand smoke, but that Mr. Epps answered his third-step response in the Administrative Remedy Program ("ARP"), and he did not receive any relief through the ARP.

ANALYSIS

Because the Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim); *see also Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)); *Dawson v. Parkland Health and Hosp. Sys.*, No. 3:06cv1660-N, 2006 WL 3342622, at *1 n.1 (N.D. Tex. Nov. 17, 2006) ("Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases.").

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 Fed. Appx. 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry*,

275 Fed. Appx. at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). This Court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a

plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff has failed to establish that Commissioner Epps was personally involved in exposing him to unreasonably high levels of second-hand smoke in violation of the Eighth Amendment, and has failed to establish a "sufficient causal connection between [his alleged] wrongful conduct and the [alleged] constitutional violation." *Thompkins*, 828 F.2d at 304. As previously stated, there is no respondeat superior liability under Section 1983. *Oliver,* 276 F.3d at 742 & n.6. According to his pleadings and his *Spears* testimony, Plaintiff only sued Commissioner Epps because of his supervisory position and because he was the third-step responder in the ARP and he failed to grant him any relief through his ARP grievance.

These facts are not sufficient for imposing liability under section 1983. *See Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. Apr. 17, 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Johnson v. Johnson*, 385 F.3d 503, 526 (5th Cir. 2004) (holding that prison supervisory officials "reasonab[ly] discharge[d]...their duty to protect the inmates in their care" where they "responded to [plaintiff's] complaints by referring the matter for further investigation or taking similar administrative steps"); *Mosley v. Thornton*, 2005 WL 1645781, at * 5 (E.D. La. June 20, 2005) ("the fact that the Sheriff responded to plaintiff's appeal is insufficient to support a constitutional claim against the Sheriff"); *Jones v. Livingston*, 2005 WL 3618316, at * 3 (S.D. Tex. Jan. 6, 2005) ("the fact that [supervisory prison official] did not respond to, or denied, plaintiff's grievances does not, alone, state a claim..."); *Anderson v. Pratt*, 2002 WL 1159980, at * 3 (N.D. Tex. May 29, 2002) (Warden's review and denial of grievance did not show personal

involvement in deprivation of constitutional rights).

Moreover, Plaintiff has no constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly,

IT IS, THEREFORE ORDERED:

That Christopher Epps is dismissed from this action with prejudice.

SO ORDERED this the 27th day of August, 2010.

s/ Michael T. Parker  
United States Magistrate Judge