IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**IVLAW PATRICK JONES**                                                           **PLAINTIFF**

**V.**                                                           **CIVIL ACTION NO. 2:10cv77-MTP**

**CHRISTOPHER EPPS, et al.**                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [22] filed by Defendants Ronald King, Regina Hancock, and Johnny Denmark. Plaintiff was directed by this court to respond to Defendants' motion on or before December 22, 2010, but failed to do so. Having considered the submissions by the parties, the record in this matter, and the applicable legal standards, the court finds that Defendants' Motion for Summary Judgment [22] should be GRANTED.

*Factual Background*

Plaintiff Ivlaw Patrick Jones (hereinafter "Jones") filed a complaint in the instant matter on or about April 5, 2010, against Mississippi Department of Corrections (MDOC) Commissioner Christopher Epps,[1] Superintendent Ronald King, Warden Regina Hancock, and Warden Johnny Denmark, alleging that while an inmate at South Mississippi Correctional Institute (SMCI) he was exposed to second-hand tobacco smoke. Proceeding *in forma pauperis* under 28 U.S.C. § 1915 and *pro se*, Jones seeks an unspecified amount of "compensation for [his] suffering" and for this court to order "MDOC to establish a non-smoking zone for individuals who don't smoke." Complaint [1] at 4.

---

[1]Commissioner Epps was dismissed from the suit with prejudice on or about August 27, 2010. *See* Mem. Order and Op. [19].

During the course of an August 25, 2010 omnibus hearing[2] before the undersigned magistrate judge, Jones testified that he was incarcerated post-conviction at SMCI from March 2009 until June 2010. Defs.' Exh. 1 [22-1] at 8.[3]  He claimed that as a result of exposure to second-hand smoke he suffered from headaches, a "couple" of instances of increased blood pressure, and "choking" in the middle of the night. *Id.* at 11-12. Since leaving SMCI, however, Jones has suffered no long-term effects from the alleged exposure. *Id.* at 13. Jones stated that his original purpose for filing the suit was for SMCI to establish a non-smoking area. Also at the hearing, Jones reiterated that he seeks compensatory damages from the defendants due to their lack of response to the complaints Jones made during the course of MDOC's Administrative Remedies Program (ARP). *Id.* at 13-18. According to Jones, SMCI's decision to transfer him to a cell further away from the smoking area did not remedy his exposure to second-hand smoke. *Id*. at 16. After exhausting his administrative remedies, Jones filed suit.

### *Standard for Summary Judgment*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988)(citation omitted).

---

[2]Referred to hereinafter as a *Spears* hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

[3] Defendants submitted a transcript of the *Spears* hearing, labeled as Exhibit 1 and appearing as docket entry [22-1].

"A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

<u>Analyis</u>

In their Motion for Summary Judgment [22] the Defendants raise the following issues: (1) Plaintiff cannot prevail on his Eight Amendment claim against defendants under a theory of deliberate indifference; (2) Plaintiff cannot prevail on his Eight Amendment claim against the

defendants under a theory of *respondeat superior*. Finding the first issue dispositive of the claims, the court declines to address the second issue.

Jones seeks injunctive relief from the court in his request to order MDOC/SMCI to implement smoking policy changes. Even if Jones were able to show that his constitutional rights were violated by defendants' conduct while in their custody, Jones is no longer incarcerated at SMCI and thus can no longer seek injunctive relief from this court. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-496, 94 S.Ct. 669, 676 (1974). "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985). *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive relief to correct prison procedures and practices was moot because inmate had left facility) (citations omitted); *Cooper v. Sheriff, Lubbock Cty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food were moot because plaintiff had been transferred to another prison).

Jones claims that he is entitled to compensatory damages for "suffering" and "stress" that resulted from his exposure to second-hand smoke. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997(e). Although the physical injury need not be significant, it must be more than *de minimus*. *Siglar v.*

*Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Jones testified that while at SMCI he had on occasion experienced choking, headaches, and an increase in blood pressure as a result of the second-hard smoke exposure. Def's Ex. 1 [22-1] at 11-12. The medical records submitted by defendants show that Jones had a pre-existing condition of hypertension upon admittance to SMCI; thus, Jones' hypertension was not a result of the exposure to second-hand smoke. Defs.' Ex.2 [22-2] at 2. The medical records further show that x-rays and tests performed on Jones while at SMCI revealed clear lungs and a heart that appeared normal. *Id.* at 4, 8.

At the *Spears* hearing, Jones testified that he does not have, nor has he ever had, any identified medical conditions as a result of the exposure to second-hand smoke. Defs.' Ex.1 [22-1] at 12-13. In fact, Jones has exhibited an alleviation in symptoms of hypertension and no longer requires medication to treat his condition. *Id.* at 13. As previously stated, summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington,* 839 F.2d at 1122. Accordingly, the undersigned finds that Jones has failed to show that he is entitled to damages for mental or emotional injury because he has failed to show that any physical injury or condition resulted from his exposure to second-hand smoke. *See Herman*, 238 F.3d at 666 (held that plaintiff was not entitled to recover damages for mental and emotional stress in the absence of a showing of physical injury under § 1997e(e)).

Notwithstanding Jones' failure to show actual injury and his moot claim for injunctive relief, the court addresses the merits of Jones' underlying Eighth Amendment claim because a plaintiff need not have an actual injury or current serious health problem for his claim be actionable under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 33-35, 113 S.Ct.

2475, 2480-82, 125 L. Ed. 2d 22 (1993). An inmate can prevail on an Eighth Amendment claim which proves that prison officials were deliberately indifferent to an inmate's exposure to a level of environmental tobacco smoke ("ETS") that poses "an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35. Moreover, a successful showing that his constitutional rights had been violated would entitle Jones to nominal damages. *See Williams v. Kaufman County*, 352 F.3d 994, 1014 (5th Cir. 2003)("The law is well-established in this Circuit that plaintiffs may recover nominal damages when their constitutional rights have been violated but they are unable to prove actual injury.")(citations omitted).

In *Helling*[4] the Supreme Court established a two-prong test to determine whether exposure to environmental tobacco smoke (ETS) was a condition of confinement in violation of the Eighth Amendment. *Id.* at 36. A plaintiff must first show that he was exposed to unreasonably high levels of ETS. *Id.* Additionally, a plaintiff must show that the prison officials acted with deliberate indifference to his situation. *Id.* This test involves both objective and subjective components. *Id.* at 35.

With respect to the first prong, a plaintiff must objectively "show that he himself is being exposed to unreasonably high levels of ETS." *Id.*

> [D]etermining whether [the] conditions of confinement violate the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

---

[4] In *Helling v. McKinney*, 509 U.S. 25, 36 (2003), the Supreme Court analyzed a claim for injunctive relief by a plaintiff who was still incarcerated.

*Id.* at 36. "[S]poradic and fleeting exposure" to ETS does not constitute "unreasonably high levels," even if it is "unwelcome and unpleasant" and causes Plaintiff discomfort, such as nausea and coughing. *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001).

For the second prong, Plaintiff must show that the prison officials were subjectively and deliberately indifferent to the unreasonable risk to his health. *Helling,* 509 U.S. at 36. Deliberate indifference is established by showing that the defendant prison officials "(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Herman*, 238 F.3d at 664 (citation omitted). This prong requires Plaintiff to show that Defendants acted with "obduracy and wantonness, not inadvertence or error in good faith." *Callicutt v. Anderson*, 2002 WL 31114947, at *2 (5th Cir. Sept. 11, 2002)(citing *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986)). Courts should consider the following factors in evaluating deliberate indifference to ETS: "the adoption of a smoking policy; the administration of that policy; and 'the realities of prison administration.'" *Id.* (citing *Helling*, 509 U.S. at 36-37).

Defendants argue that Jones failed to meet his burden of proof as to both prongs because he failed to show that he was exposed to unreasonably high levels of second-hand smoke and failed to show that Defendants were deliberately indifferent to such an exposure. Defs.' Brief at 3-4. In support of the argument that Jones was not exposed to unreasonably high levels of second-hand smoke, Defendants submit the affidavits of Warden Regina Hancock, Warden Johnnie Denmark, and Superintendent Ronald King, all of whom attest that pursuant to MDOC policy there are designated smoking areas at SMCI, that the smoking areas are well-ventilated, and that at no time during their rounds have they observed unreasonably high levels of smoke in

the housing units. *See* Defs.' Exs. 5-7 [22-5], [22-6], [22-7].

To the contrary, Jones testified that the designated smoking area was not confined to a particular room, but rather there was "a piece of tape" separating the "living area" from the smoking area. Defs.' Ex. 1 [22-1] at 10.  Jones further stated that poor ventilation resulted in smoke infiltrating the non-smoking areas. *Id.* On occasion the exposure to tobacco smoke caused him to cough in his sleep, caused headaches, and put him at increased health risks associated with his pre-existing hypertension. *Id*. at 10-12. Jones testified that smoking was permitted in common areas, such as those areas also designated for meals, telephone use, and restrooms. *Id.* at 10. However, the medical records do not indicate that Jones' symptoms of hypertension were exacerbated or caused by his exposure to tobacco smoke, and currently Jones' hypertension has improved to the extent that he no longer requires medication. *Id.* at 11-12. As previously stated, the Fifth Circuit has held that sporadic exposure to second-hand smoke even when "unwelcome and unpleasant" and causing plaintiff discomfort does not constitute exposure to unreasonably high levels. *Richardson,* 260 F.3d at 498. Thus, Jones has failed to establish that his exposure to tobacco smoke was a health risk "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 36.

Even viewing Jones' testimony in the most favorable light, and assuming *arguendo* Jones has established that he was exposed to unreasonably high levels of second-hand smoke, Jones has still failed to show a deliberate indifference by SMCI officials–the second requisite prong of his claim. *See Helling*, 509 U.S. at 35. As to the deliberate indifference prong, Defendants responded to grievances submitted by Jones to MDOC's Administrative Remedy Program (ARP) by moving Jones to a housing unit further from the designated smoking area. Defs.' Ex. 1 [22-1] at

16. The MDOC smoking policy indicates that MDOC buildings are smoke free with the exception of designated smoking areas, which are clearly designated with signs that read "Smoking Permitted." All other areas shall include signs that read "No Smoking" and signs that indicate "Smoking Prohibited Except in Designated Areas." A violation of this policy by an inmate is addressed through the MDOC offender disciplinary process. Defs.' Ex. 4 [22-4]. Defendants maintain that this policy is strictly enforced. Defs.' Ex. 5 [22-5] at 2; Ex. 6 [22-6] at 2; Ex. 7 [22-7] at 2. Moreover, Defendants attest that housing units designated as smoking units are done so according to MDOC policy and are equipped with exhaust fans and ceiling vents to draw smoke out of the units; this exhaust system operates continuously to circulate air inside the designated smoking area. Defs. Ex. 5 [22-5] at 1; Ex. 6 [22-6] at 1; Ex. 7 [22-7] at 1. The affidavits from Defendants establish that SMCI enforces MDOC's policy on smoking.

Accordingly, Jones has failed to show there exists a material issue of fact that his exposure to second-hand smoke during his incarceration at SMCI posed an unreasonable risk to his future health or that Defendants were deliberately indifferent to a condition of confinement that caused a serious health risk. Having found no constitutional violation, it is unnecessary to address Defendants' argument that Jones is not entitled to relief under a theory of *respondeat superior*. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) ("[A] supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

CONCLUSION

For all of the aforementioned reasons, the court finds that Defendants' Motion for Summary Judgment [22] is GRANTED because Defendants have established that no issue of material fact exists as to Jones' claim that Defendants were deliberately indifferent as to his alleged exposure to unreasonably high levels of second-hand smoke. Moreover, Jones' claim for injunctive relief is moot given that Jones is no longer incarcerated and is hereby DISMISSED WITH PREJUDICE. Finally, Jones' claim for compensatory damages due to emotional "suffering" fails because Jones has failed to submit any evidence that he suffered an underlying physical injury due to his exposure to second-hand smoke. Accordingly, this claim is likewise DISMISSED WITH PREJUDICE.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED, this the 23rd day of March, 2011.

s/ Michael T. Parker<br>
United States Magistrate Judge